DREIER LLP
Michael B. Roth, Esq. (MR-7840)
499 Park Avenue
New York, NY 10022
(212) 328-6100
Attorneys for Plaintiff

OF COUNSEL:
ALSCHULER GROSSMAN STEIN & KAHAN, LLP
Michael Heimbold, Esq.
Yakub Hazzard, Esq.
1620 26th Street, 4th Floor, North Tower
Santa Monica, CA 90404-4060
(310) 907-1000

---

| | |
|---|---|
| ROCK & REPUBLIC ENTERPRISES, INC., | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY** |
| Plaintiff, | **Civil Action No.** |
| vs. | Hon. United State District Judge |
| RATIONAL FASHION, INC., and JOSH MOHRER | **COMPLAINT** |
| Defendants. | **JURY TRIAL DEMANDED** |

---

Plaintiff, Rock & Republic Enterprises, Inc. ("Rock & Republic" or "Plaintiff"), by its attorneys Dreier LLP, as and for its complaint hereby alleges, on knowledge as to its own acts and otherwise on information and belief, as follows:

## INTRODUCTION

1.      This is an action for trademark infringement, false designation of origin, false advertising, trademark dilution, trademark counterfeiting, unfair competition, copyright infringement and false and deceptive business practices in violation of the laws of the United States and the State of New Jersey, arising out of Defendants' unauthorized manufacture,

distribution, offer for sale and/or sale of denim jeans bearing Rock & Republic's famous trademarks and related design marks. Rock & Republic accordingly seeks preliminary and permanent injunctive relief, damages, an accounting of Defendants' profits, and an award of attorneys' fees and costs.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. Plaintiff's claims are predicated upon the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq., and related claims under the statutory and common law of the State of New Jersey. Venue is properly in this district pursuant to 28 U.S.C. §§ 1391 (b), (c).

## THE PARTIES

3.     Rock & Republic is a corporation organized and existing under the laws of the State of California with its principal place of business located at 3525 Eastham Drive, Culver City, CA 90232.

4.     Defendant Rational Fashion, Inc. ("Rational") is a corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 102 West 79th Street, #3F, New York, New York 10024. Rational regularly conducts business in this judicial district, among others.

5.     Defendant Josh Mohrer ("Mohrer") is an individual residing within the State of New York. Mohrer is the moving, active, dominating and controlling force behind Rational's infringing, counterfeiting and other wrongful activities hereinafter alleged, and personally participated in transactions alleged herein. Mohrer regularly conducts business within this judicial district and Mohrer is the owner and operator of an Internet website found at www.rationalfashion.com. Mohrer resides at 102 West 79th Street, #3F, New York, New York 10024.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

6.      Rock & Republic is in the business of designing, producing and selling apparel, including the extraordinarily popular and successful line of "Rock & Republic" jeans for men and women.  Rock & Republic's jeans have been profiled in numerous national publications and are sold in, among others, the finest department stores in the nation, including Neiman Marcus, Saks Fifth Avenue and Bloomingdales.  Rock & Republic's jeans are known for their quality as well as their highly desirable design.

7.      Rock & Republic is the sole owner of certain federally registered and common law trademarks (collectively, the "Rock & Republic Marks").  Specifically, Rock & Republic owns the valid and subsisting word mark "Rock & Republic," registration number 2,700,209, which mark was initially registered on March 25, 2003.  The mark is registered in Class 25 for "men's and women's clothing and footwear, namely tops, shirts, pants, blouses, cover-ups, skirts, jumpers, rompers, shorts, jumpsuits, jackets, lingerie, swimsuits, sashes, shoes, sneakers, sandals, boots, hosiery, clogs, belts and head wear."  A true and correct copy of Rock & Republic's federal trademark registration is attached hereto as Exhibit "A" and incorporated herein as if set forth fully.  In addition, Rock & Republic owns common law trademarks with respect to various aspects of the design of Rock & Republic apparel, including but not limited to various pocket stitch designs.  True and correct copies of Rock & Republic's common law design trademarks are attached hereto as Exhibit "B" and incorporated herein as if set forth fully.

8.      Since it obtained or otherwise developed the Rock & Republic Marks, Rock & Republic has manufactured, distributed, offered for sale and/or sold apparel, including denim jeans, bearing or otherwise utilizing the Rock & Republic Marks (the "Authorized Products").

9.      The Authorized Products have generated significant revenues for Rock & Republic, and the Rock & Republic Marks are highly valuable to Rock & Republic.  The popularity of Rock & Republic's Authorized Products was developed through word of mouth,

favorable media coverage and Rock & Republic's marketing efforts (and the marketing efforts of Rock & Republic's licensees).

10.    The success enjoyed by Rock & Republic in selling and marketing  (and licensing others to sell and market) Authorized Products is attributable in large part to the high quality, fit and style of the products as well as Rock & Republic's high standards of quality and dedication to quality control.  Indeed, Rock & Republic's high quality standards and dedication to quality control help to ensure that Authorized Products are consistent with the reputation Rock & Republic has developed and the substantial goodwill in the Rock & Republic Marks.  As a result of Rock & Republic's high quality control standards and the commercial success of the Authorized Products, the Rock & Republic Marks have acquired considerable value and have become associated in the consuming public with Rock & Republic.

## DEFENDANTS' WRONGFUL ACTIVITIES

11.    Defendants, without authorization or license from Rock & Republic, have manufactured, distributed, offered for sale and/or sold, in this judicial District and, upon information and belief, throughout the United States, various apparel products, including denim jeans for men and women, bearing the Rock & Republic Marks (the "Offending Merchandise"). In addition, Defendants own and operate at least one website that uses and exploits the Rock & Republic Marks without permission and also has "auctions" on eBay in an effort to sell Offending Merchandise.

12.    Defendants purchased their jeans bearing infringements and counterfeits of the Rock & Republic from parties other than Rock & Republic, and/or sold, distributed and/or advertised the jeans, knowing that such jeans were infringements and counterfeits of the Rock & Republic, or willfully ignoring whether the jeans were counterfeits.  Defendants engaged in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said jeans and to gain to Defendants the benefit of the substantial goodwill associated with the Rock & Republic Marks. The aforementioned acts of

Defendants are also likely to dilute, and have diluted, the distinctive quality of the Rock & Republic.

## FIRST CLAIM FOR RELIEF
## (TRADEMARK INFRINGEMENT)

13.     Rock & Republic repeats and realleges each and every allegation set forth in paragraphs 1 through 12 above as if fully set forth herein.

14.     Defendants' use of the Rock & Republic Marks, without Rock & Republic's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the jeans and other apparel products bearing counterfeit and infringing Rock & Republic Marks.

15.     Such conduct on the part of Defendants has injured Rock & Republic in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Rock & Republic, for which Rock & Republic has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## (FALSE DESIGNATION OF ORIGIN)

16.     Rock & Republic repeats and realleges each and every allegation set forth in paragraphs 1 through 15 above as if fully set forth herein.

17.     Defendants' use of the Rock & Republic Marks, without Rock & Republic's consent, constitutes the use of false or misleading designations of origin and/or the making of false or misleading representations of fact in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the jeans distributed, sold and offered for sale by Defendants which bear counterfeit and infringing Rock & Republic Marks.

18.     Such conduct on the part of Defendants has injured Rock & Republic in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Rock & Republic, for which Rock & Republic has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## (FALSE ADVERTISING)

19.     Rock & Republic repeats and realleges each and every allegation set forth in paragraphs 1 through 18 above as if fully set forth herein.

20.     Defendants, without Rock & Republic's consent, have made use of false advertising and/or false or misleading representations of fact which is likely to cause confusion and mistake among the consuming public that the jeans bearing infringing and counterfeit Rock & Republic Marks distributed, offered for sale and sold by Defendants emanate from, or are otherwise associated with Rock & Republic in violation of 15 U.S.C. § 1125(a).

21.     Such conduct on the part of Defendants has injured Rock & Republic in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Rock & Republic, for which Rock & Republic has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## (FEDERAL TRADEMARK DILUTION)

22.     Rock & Republic repeats and realleges each and every allegation set forth in paragraphs 1 through 21 above as if fully set forth herein.

23.     The Rock & Republic Marks are famous and inherently distinctive.  The Rock & Republic Marks have been used by Rock & Republic in connection with the promotion and sale of their and products for several years on a national basis.  As a result of Rock & Republic's extensive and substantial promotion of the Rock & Republic Marks, the consuming public and trade have come to associate the Rock & Republic Marks uniquely and distinctly with Rock & Republic and its high quality merchandise.

24.     After the Rock & Republic Marks became famous, Defendants, without authority from Rock & Republic, used unauthorized reproductions, counterfeits, copies and colorable imitations of the Rock & Republic Marks and thereby caused, and are causing, the actual dilution of the distinctive qualities of these trademarks.

25.     As a result, Defendants have engaged in trademark dilution in violation of 15 U.S.C. § 1125(c).

26.     Such conduct on the part of Defendants has injured Rock & Republic in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Rock & Republic, for which Rock & Republic has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## (TRADEMARK COUNTERFEITING)

27.     Rock & Republic repeats and realleges each and every allegation set forth in paragraphs 1 through 26 above as if fully set forth herein.

28.     The Rock & Republic Marks, as they are being used by Defendants, are identical to or substantially indistinguishable from the registered trademarks of the Rock & Republic.  Accordingly, Defendants have engaged in trademark counterfeiting in violation of 15 U.S.C. § 1114.

29.     Such conduct on the part of Defendants has injured Rock & Republic in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Rock & Republic, for which Rock & Republic has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
## (COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)

30.     Rock & Republic repeats and realleges each and every allegation set forth in paragraphs 1 through 29 above as if fully set forth herein.

31.     The aforementioned acts of Defendants constitute trademark infringement and unfair competition in violation of the common law of the State of New Jersey.

32.     Such conduct on the part of Defendants has injured Rock & Republic in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Rock & Republic, for which Rock & Republic has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
## (UNFAIR COMPETITION (N.J. STAT. § 56:4-1 TO 4-2))

33.     Rock & Republic repeats and realleges each and every allegation set forth in paragraphs 1 through 32 above as if fully set forth herein.

34.     The aforementioned acts of Defendants constitute unfair competition in violation of N.J. Stat. § 56:4-1.

35.     Such conduct on the part of Defendants has injured Rock & Republic in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Rock & Republic for which Rock & Republic has no adequate remedy at law.

## EIGHTH CLAIM FOR RELIEF
### (CONSUMER FRAUD (N.J. STAT. § 56:8-1, et seq.))

36.     Rock & Republic repeats and realleges each and every allegation set forth in paragraphs 1 through 35 above as if fully set forth herein.

37.     The aforementioned acts of Defendants constitute deception, fraud in and/or misrepresentation in connection with the sale and/or advertisement of merchandise, in violation of N.J. Stat. § 56:8-1, et seq.

38.     Such conduct on the part of Defendants has injured Rock & Republic in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Rock & Republic, for Rock & Republic  which has no adequate remedy at law.

## NINTH CLAIM FOR RELIEF
### (TRADEMARK DILUTION(N.J. Stat. Ann. 56:3-13.20))

39.     Rock & Republic repeats and realleges each and every allegation set forth in paragraphs 1 through 38 above as if fully set forth herein..

40.     The Rock & Republic Marks are "famous" and "distinctive" marks in New Jersey within the meaning of N.J. Stat. Ann. §56:3-13.20, and have been famous and distinctive marks in New Jersey prior to Defendants' conduct as alleged herein.

41.     Defendants' use of false reproductions of the Rock & Republic Marks on or in connection with Offending Merchandise was done with notice and full knowledge that such use was not authorized or licensed by Rock & Republic.

42.    Defendants' conduct as set forth above constitutes trademark dilution and was undertaken in knowing and willful violation of Rock & Republic's rights under N.J. Stat. Ann. 56:3-13.20.

43.    Such conduct on the part of Defendants has injured Rock & Republic in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Rock & Republic, for Rock & Republic  which has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Rock & Republic prays that:

1.    Defendants and all their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined preliminarily and permanently, from:

(a)    manufacturing, distributing, marketing, selling or offering for sale any Offending Merchandise;

(b)    representing that any Offending Merchandise advertised, promoted, offered for sale or sold by Defendants originates from, is licensed, endorsed or authorized by, or is otherwise associated with Rock & Republic or that the Offending Merchandise is genuine; and;

(c)    otherwise using the Rock & Republic Marks, or any reproduction, counterfeit copy or colorable imitation thereof, in any manner likely to cause confusion as to the source, origin, sponsorship or affiliation of Defendants or any products distributed, offered for sale or sold by Defendants.

2.    Defendants be compelled to account to Rock & Republic for any and all profits derived by Defendants from the sale or distribution of the Offending Merchandise;

3.    Rock & Republic be awarded all damages caused by the acts forming the basis of this Complaint;

4.      Based on Defendants' knowing and intentional sale of the Offending Merchandise and use of confusingly similar and substantially indistinguishable imitations of Rock & Republic Marks, Rock & Republic's damages award be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. §1117(a);

5.      Alternatively, Rock & Republic reserves the right to recover statutory damages for Defendants' willful use of counterfeit marks pursuant to 15 U.S.C. §1117(c).

6.      Defendants be ordered to pay to Rock & Republic the costs of this action and their reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a), and related state statutes;

7.      Based on Defendants' willful and deliberate counterfeiting, infringement and dilution of the Rock & Republic, and to deter such conduct in the future, Rock & Republic be awarded punitive damages; and

8.      Rock & Republic obtain such other and further relief as the Court may deem just and proper.

**Plaintiff demands trial by jury on all issues.**

Dated:  August __, 2005

Respectfully submitted,

Michael B. Roth, Esq. (MR-7840)

DREIER LLP
499 Park Avenue
New York, NY 10022
(212) 328-6100
Attorneys for Plaintiff

OF COUNSEL:

ALSCHULER GROSSMAN STEIN &
KAHAN, LLP
Michael Heimbold, Esq.
Yakub Hazzard, Esq.
1620 26th Street, 4th Floor, North Tower
Santa Monica, CA 90404-4060
Tel:  310-907-1000
Fax:  310-907-2000



**Exhibit A**

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

Reg. No. 2,700,209

**United States Patent and Trademark Office**   Registered Mar. 25, 2003

## TRADEMARK
### PRINCIPAL REGISTER

## ROCK & REPUBLIC

ROCK & REPUBLIC ENTERPRISES, INC. (CALI-
FORNIA CORPORATION)
15500 ERWIN STREET, SUITE 1005
VAN NUYS, CA 91411

FOR: MEN'S AND WOMEN'S CLOTHING AND
FOOTWEAR, NAMELY TOPS, SHIRTS, PANTS,
BLOUSES, COVER-UPS, SKIRTS, JUMPERS, ROM-
PERS, SHORTS, JUMPSUITS, JACKETS, LINGERIE,
SWIMSUITS, SASHES, SHOES, SNEAKERS, SAN-

DALS, BOOTS, HOSIERY, CLOGS, BELTS AND
HEAD WEAR, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 5-30-2001; IN COMMERCE 5-30-2001.

SER. NO. 76-426,581, FILED 7-1-2002.

SONYA STEPHENS, EXAMINING ATTORNEY